**2015 UT App 38**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF E.P.E., A PERSON
UNDER EIGHTEEN YEARS OF AGE.

T.E.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140809-CA
Filed February 20, 2015

Third District Juvenile Court, Salt Lake Department
The Honorable Mark W. May
No. 1103009

Jere Reneer and Ron W. Haycock Jr., Attorneys for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES JAMES Z. DAVIS, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1    T.E. (Father) appeals the juvenile court's order adjudicating
him as having neglected E.P.E. We affirm.

¶2    "[I]n order to overturn the juvenile court's decision, the
result must be against the clear weight of the evidence or leave the
appellate court with a firm and definite conviction that a mistake

has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). Because of the factually intense nature of the juvenile court's decisions, its decision should be afforded a high degree of deference. *See id.* Thus, we "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3     Father asserts that the juvenile court erred by determining that he medically neglected E.P.E. However, the juvenile court determined that E.P.E was neglected because she lacked proper parental care by reason of Father's faults or habits. *See* Utah Code Ann. § 78A-6-105(27)(a)(ii)(LexisNexis Supp. 2014).[1]

¶4     The record supports the juvenile court's determination that E.P.E. was neglected as she lacked proper parental care by reason of Father's faults or habits. Father admitted allegations in the petition establishing that he knew that E.P.E. had been struck with a belt, whereby she sustained significant bruising and injuries. Based on the admissions, the juvenile court determined that E.P.E. suffered significant non-accidental bruising and mistreatment. Father did not seek medical treatment for E.P.E.'s injuries until

---

1. The juvenile court's adjudication order appears to contain a typographical error in its second conclusion of law. The juvenile court cites to the third statutory definition of neglect, which includes medical neglect. *See* Utah Code Ann. § 78A-6-105(27)(a)(iii) (LexisNexis Supp. 2014). However, the statutory language relied upon by the court in its second conclusion of law refers to Utah Code section 78A-6-105(27)(a)(ii).

approximately six weeks after the assault. The juvenile court determined that Father did not provide proper parental care because he failed to timely seek medical attention for E.P.E.'s extensive injuries. Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's determination that Father neglected E.P.E. *See In re B.R.,* 2007 UT 82, ¶ 12.[2]

_____

2. We note that although the conclusion that Father neglected E.P.E. is properly supported by the record, the juvenile court's adjudication order could have more thoroughly detailed the court's reasons for reaching its conclusion that Father neglected E.P.E.